UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| KRYSTAL KELLOUGH, KAMISHA ROBERTS, SHAMIKA TULLOH, and COURTNEY ROBERTSON, Individuals,<br><br>*Plaintiffs,*<br><br>v.<br><br>XTC CABARET (DALLAS), INC., RCI ENTERTAINMENT (TEXAS), INC., RCI HOSPITALITY HOLDINGS, INC., RCI HOLDINGS, INC., RCI MANAGEMENT, INC., and ERIC S. LANGAN,<br><br>*Defendants.* | Civil Action No. 3:23-cv-02488-L |

**DEFENDANTS' ANSWER TO PLAINTIFFS' ORIGINAL COMPLAINT**

Defendants XTC CABARET (DALLAS), INC., RCI ENTERTAINMENT (TEXAS), INC., RCI HOSPITALITY HOLDINGS, INC., RCI HOLDINGS, INC., RCI MANAGEMENT, INC., and ERIC S. LANGAN, files their Answer to the Original Complaint filed by Plaintiffs, Krystal Kellough, Kamisha Roberts, Shamika Tulloh, And Courtney Robertson, and would respectfully show as follows:

**I.   RESPONSE: I. NATURE OF THE ACTION**

1. Defendants deny all allegations in paragraph 1 of Plaintiffs' Original Complaint (the "Complaint").

2. Defendants admit that XTC Cabaret (Dallas), Inc., owns and operates XTC Cabaret and denies the remaining allegations in paragraph 2 of the Complaint.

3. Defendants admit that Plaintiffs performed at XTC Cabaret. Defendants admit that XTC Cabaret is located at 8550 N. Stemmons Fwy, Dallas, Texas 75247. Defendants deny

anything further.

    4.    Defendants deny all allegations in paragraph 4 of the Complaint.

    5.    Defendants deny all allegations in paragraph 5 of the Complaint.

    6.    [Paragraph omitted from the Complaint].

## II. RESPONSE: II. PARTIES

    7.    Defendants lack knowledge or information sufficient to either admit or deny where Plaintiffs reside. Defendants deny all remaining allegations in paragraph 7 of the Complaint.

    8.    Defendant RCI Entertainment (Texas), Inc. admits that it is a Texas corporation, admits that it has been served, and denies the remaining allegations in paragraph 8 of the Complaint.

    9.    Defendant XTC Cabaret (Dallas), Inc. admits that it is a Texas corporation, admits that it has been served, and denies the remaining allegations in paragraph 9 of the Complaint.

    10.    Defendant RCI Hospitality Holdings, Inc. admits that it is a Texas corporation, admits that it has been served, and denies the remaining allegations in paragraph 10 of the Complaint.

    11.    Defendant RCI Holdings, Inc. admits that it is a Texas corporation, admits that it has been served, and denies the remaining allegations in paragraph 11 of the Complaint.

    12.    Defendant RCI Management, Inc. admits that it is a Texas corporation, admits that it has been served, and denies the remaining allegations in paragraph 12 of the Complaint.

    13.    Defendant Eric S. Langan admits that he has been served and denies the remaining allegations in paragraph 13 of the Complaint.

    14.    Defendants deny all allegations in paragraph 14 of the Complaint.

    15.    Defendants deny all allegations in paragraph 15 of the Complaint.

16. Defendants admit that XTC Cabaret (Dallas), Inc., has been an enterprise in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(r)(1) of the FLSA and deny the remaining allegations in paragraph 16 of the Complaint.

17. Defendants deny all allegations in paragraph 17 of the Complaint.

18. Defendants deny all allegations in paragraph 18 of the Complaint.

### III. RESPONSE: III. VENUE AND JURISDICTION AND APPLICABLE LAW

19. Defendants admit the jurisdictional allegations in paragraph 19 of the Complaint.

20. Defendants admit the venue allegations in paragraph 20 of the Complaint.

### IV. RESPONSE: IV. FACTUAL ALLEGATIONS

21. Defendants admit that XTC Cabaret (Dallas), Inc., operates an adult-oriented entertainment facility located at 8550 N. Stemmons Fwy, Dallas, Texas 75247 and admits that the picture under paragraph 21 of the Complaint depicts the outside of the Club.

22. Defendants deny all allegations in paragraph 22 of the Complaint.

23. Defendants admit that in the three years prior to the filing of this action, dancers/entertainers have been considered independent contractors. Defendants otherwise deny all allegations in paragraph 23 of the Complaint.

24. Defendants deny all allegations in paragraph 24 of the Complaint.

25. Defendants admit that Plaintiff Krystal Kellough performed as a dancer during the three-year period prior to this lawsuit. Defendants admit that Plaintiff Kamisha Roberts performed as a dancer during the three-year period prior to this lawsuit. Defendants admit that Plaintiff Shamika Tulloh performed as a dancer during the three-year period prior to this lawsuit. Defendants admit that Plaintiff Courtney Robertson performed as a dancer during the three-year period prior to this lawsuit. Defendants otherwise deny all remaining allegations in paragraph 25

of the Complaint.

26. Defendants deny all allegations in paragraph 26 of the Complaint.

27. Defendants deny all allegations in paragraph 27 of the Complaint.

28. Defendants deny all allegations in paragraph 28 of the Complaint.

29. Defendants deny the allegations in paragraph 29 of the Complaint.

30. Defendants deny all allegations in paragraph 30 of the Complaint.

31. Defendants admit that they did not pay Plaintiffs for any hours that Plaintiffs chose to perform at XTC Cabaret and deny that they were required to do so. Defendants lack knowledge or information sufficient to either admit or deny whether Plaintiffs were exclusively compensated through tips from customers. Defendants otherwise deny all remaining allegations in paragraph 31 of the Complaint.

32. Defendants deny all allegations in paragraph 32 of the Complaint.

14. [sic] Defendants deny all allegations in out of order paragraph 14 of the Complaint.

33. Defendants admit all allegations in paragraph 33 of the Complaint.

34. Defendants admit that XTC Cabaret (Dallas), Inc., paid for the facility used as the Club, maintenance of the facility, the sound system, stages, lights, beverages, and inventory used at the facility and deny the remaining allegations in paragraph 34 of the Complaint.

35. Defendants admit that XTC Cabaret (Dallas), Inc., made all hiring decisions regarding wait staff, security, managerial, and all other employees on the premises and deny the remaining allegations in paragraph 35 of the Complaint.

36. Defendants deny all allegations in paragraph 36 of the Complaint.

37. Defendants deny all allegations in paragraph 37 of the Complaint.

38. Defendants deny that they were required "to maintain records of wages, fines, fees,

tips, and gratuities and/or service charges paid or received by entertainers" and denies that it imposed any "fines, fees, [or] tip[]" requirements on entertainers.

39. Defendants admit that paragraph 39 summarizes some of the requirements contained in 29 C.F.R. § 516.2 and 29 C.F.R. § 516.5. Defendants deny anything else alleged in paragraph 39 of the Complaint.

40. Defendants deny all allegations in paragraph 40 of the Complaint.

V.   RESPONSE: V. CAUSES OF ACTION

**RESPONSE: FIRST CAUSE OF ACTION—FAILURE TO PAY MINIMUM WAGE PURSUANT TO THE FLSA, 29 U.S.C. § 206**

41. [Paragraph omitted from the Complaint]

42. [Paragraph omitted from the Complaint]

43. [Paragraph omitted from the Complaint]

44. [Paragraph omitted from the Complaint]

45. [Paragraph omitted from the Complaint]

46. [Paragraph omitted from the Complaint]

47. [Paragraph omitted from the Complaint]

48. [Paragraph omitted from the Complaint]

49. Defendants incorporate by reference and reassert their admissions and denials as set forth above.

50. Defendants admit that XTC Cabaret (Dallas), Inc., is engaged in "commerce" and/or in the production of "goods" for "commerce" as those terms are defined in the FLSA.

51. Defendants admit that XTC Cabaret (Dallas), Inc., operates an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1) and deny the remaining allegations in paragraph 51 of the Complaint.

52. Defendants admit that they did not pay Plaintiffs an hourly minimum wage or salary and deny that they were required to do so. Defendants otherwise deny all remaining allegations in paragraph 52 of the Complaint.

53. Defendants deny all allegations in paragraph 53 of the Complaint.

54. Defendants deny all allegations in paragraph 54 of the Complaint.

55. Defendants deny all allegations in paragraph 55 of the Complaint.

56. Defendants deny all allegations in paragraph 56 of the Complaint.

**RESPONSE: SECOND CAUSE OF ACTION—UNLAWFUL TAKING OF TIPS IN VIOLATION OF THE FLSA, 29 U.S.C. § 203(m)**

57. Defendants incorporate by reference and reassert their admissions and denials as set forth above.

58. Defendants lack knowledge or information sufficient to either admit or deny whether "Plaintiffs customarily and regularly received more than thirty U.S. Dollars ($30.00) a month in tips." Defendants deny that Plaintiffs are "tipped employee[s] as defined in the FLSA, 29 U.S.C. § 203(t), *see* 29 C.F.R. § 531.50."

59. Defendants deny all allegations in paragraph 59 of the Complaint.

60. Defendants admit that XTC Cabaret (Dallas), Inc., is engaged in "commerce" and/or in the production of "goods" for "commerce" as those terms are defined in the FLSA.

61. Defendants admit that XTC Cabaret (Dallas), Inc., operates an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1).

62. Defendants admit that paragraph 62 quotes from 29 U.S.C. § 203(d). Defendants deny anything further.

63. Defendants deny all allegations in paragraph 63 of the Complaint.

64. Defendants deny all allegations in paragraph 64 of the Complaint.

65. Defendants deny all allegations in paragraph 65 of the Complaint.

66. Defendants deny all allegations in paragraph 66 of the Complaint.

67. Defendants deny all allegations in paragraph 67 of the Complaint.

68. Defendants deny all allegations in paragraph 68 of the Complaint.

69. Defendants deny all allegations in paragraph 69 of the Complaint.

70. Defendants deny all allegations in paragraph 70 of the Complaint.

71. Defendants deny all allegations in paragraph 71 of the Complaint.

72. Defendants deny all allegations in paragraph 72 of the Complaint.

73. Defendants deny all allegations in paragraph 73 of the Complaint.

74. Defendants deny all allegations in paragraph 74 of the Complaint.

75. Defendants deny all allegations in paragraph 75 of the Complaint.

76. Defendants deny all allegations in paragraph 76 of the Complaint.

**RESPONSE: THIRD CAUSE OF ACTION—FLSA RETALIATION CLAIM AS TO COURTNEY ROBERTSON.**

77. Defendants incorporate by reference and reassert their admissions and denials as set forth above.

78. Defendants deny all allegations in paragraph 78 of the Complaint.

79. Defendants deny all allegations in paragraph 79 of the Complaint.

80. Defendants admit that paragraph 80 quotes part of 29 U.S.C. 215(a)(3) and otherwise deny anything further.

81. Defendants deny all allegations in paragraph 81 of the Complaint.

82. Defendants deny all allegations in paragraph 82 of the Complaint.

**VI.   RESPONSE: PRAYER FOR RELIEF**

83. Defendants deny that Plaintiffs are entitled to any of the relief specified in subparts

1-8, or any other relief.

## AFFIRMATIVE DEFENSES

1. Plaintiffs' claims are barred, in whole or in part, based on the applicable statute of limitations. 29 U.S.C. § 255.

2. Plaintiffs' claims are barred, in whole or in part, because Defendants had a reasonable, good faith belief that they were not violating the FLSA. 29 U.S.C. § 260.

3. Plaintiffs' claims are barred, in whole or in part, by the doctrines or laches, estoppel, and/or ratification.

4. Plaintiffs' claims are barred by the doctrine of waiver.

## REQUEST FOR JURY DEMAND

5. Defendant demands trial by jury.

## CONCLUSION

ACCORDINGLY, Defendants XTC CABARET (DALLAS), INC., RCI ENTERTAINMENT (TEXAS), INC., RCI HOSPITALITY HOLDINGS, INC., RCI HOLDINGS, INC., RCI MANAGEMENT, INC., and ERIC S. LANGAN, request that judgment be entered against Plaintiffs Krystal Kellough, Kamisha Roberts, Shamika Tulloh, And Courtney Robertson, that they take nothing by way of this suit, that Defendants be discharged without liability, and for all other relief to which they may be entitled.

Respectfully submitted,

**WALLACE & ALLEN, LLP**

*/s/ Casey T. Wallace*
Casey T. Wallace
State Bar No. 00795827
Benjamin W. Allen
State Bar No. 24069288
Wallace & Allen, LLP
440 Louisiana, Suite 590
Houston, Texas 77002
Telephone: (713) 227-1744
Facsimile: (713) 600-0034
cwallace@wallacallen.com
ballen@wallaceallen.com

**ATTORNEYS FOR DEFENDANTS**

-9-

## CERTIFICATE OF SERVICE

      This is to certify that a true and correct copy of this pleading has been served on the following attorneys of record in accordance with the Federal Rules of Civil Procedure on December 4, 2023.

      Jarrett L. Ellzey
      Leigh Montgomery
      Alexander G. Kykta
      ELLZEY & ASSOCIATES, PLLC
      1105 Milford Street
      Houston, Texas 77066
      Telephone: (713) 554-2377
      Fax: (888) 276-3455
      jarrett@ellzeylaw.com
      leigh@ellzeylaw.com
      alex@ellzeylaw.com
      **ATTORNEYS FOR PLAINTIFFS**

                                        */s/ Casey T. Wallace*
                                        Casey T. Wallace